DALE ELECTRONICS, INC., APPELLEE, v. FEDERAL INSURANCE COMPANY, APPELLANT.

277 N. W. 2d 572

Filed April 17, 1979. Nos. 42441, 42612.

Bruce D. Vosburg and Lyle E. Strom of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellant.

James J. Holmberg, for appellee.

BOSLAUGH, J.

This is a suit on an insurance policy issued by the defendant insuring an airplane owned by the plaintiff against loss or damage. After trial to the court on December 14, 1977, the matter was taken under advisement. On August 30, 1978, the trial court wrote a letter to counsel for the parties stating the court "finds generally for the plaintiff and against the defendant in the sum of $245,905.53, plus the costs and interest." The letter also requested counsel for the plaintiff to "prepare a proper journal." On September 6, 1978, the defendant filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. On September 18, 1978, an order was entered which recited that upon stipulation of the parties a hearing on the defendant's motion "based on the decision of the Court dated August 30, 1978" was continued until after a journal entry had been entered and a hearing set for determination of the costs which had been allowed.

A journal entry awarding judgment to the plaintiff in accordance with the August 30, 1978, letter of the trial court was filed on September 21, 1978, and an entry made in the trial docket.

On September 28, 1978, the defendant filed a second motion for judgment notwithstanding the verdict or in the alternative for a new trial.

The motion for new trial was heard on October 20, 1978, and the matter taken under advisement. On October 25, 1978, the trial court wrote a letter to

counsel for the parties stating that the "motion for new trial is overruled;" that a remittitur was ordered in the amount of $3,640; that interest was awarded from February 1, 1975; and that attorney's fees were allowed in the amount of $39,560 plus $15,453.14 expenses. The letter also requested the attorney for the plaintiff to "journalize."

Signed orders overruling the defendant's motion, allowing attorney's fees and costs, and modifying the journal entry of September 21, 1978, in accordance with the October 25, 1978, letter of the trial court were filed on November 20, 1978, and an entry made in the trial docket. On the same day a notice of appeal, a praecipe for a transcript, and a request for a bill of exceptions were filed by the defendant. The appeal was docketed in this court as case No. 42441. A second notice of appeal filed February 15, 1979, has been docketed as case No. 42612. The plaintiff has moved to dismiss the appeal in case No. 42441 on the ground that the notice of appeal was premature, there having been no final order entered at the time the notice of appeal was filed.

An affidavit of the clerk of the District Court, which has been filed in this court, indicates that the notice of appeal was received in the clerk's office on the morning of November 20, 1978, and a filing stamp was affixed at that time. The signed orders overruling the motion for new trial and modifying the judgment rendered on September 21, 1978, were received on the afternoon of the same day. Entries in the appearance docket recording the filing of the orders and the notice of appeal were not made until some time later. This affidavit would sustain a finding that the notice of appeal was not premature because the filing was not completed until after the orders had been filed and an entry made in the trial docket. In other words, the notice of appeal was not premature because the judgment to which it related was rendered before the filing of the notice of appeal

had been completed. It further appears that a notice of rendition of judgment as required by section 25-1301.01, R. R. S. 1943, was not sent to counsel although conformed copies of the amended judgment and orders were mailed. See Simmons v. Lincoln, 176 Neb. 71, 125 N. W. 2d 63. We do not, however, rest our decision on these grounds.

It is fundamental that there must be a judgment or final order before there can be an appeal to this court. § 25-1911, R. R. S. 1943; Essay v. Essay, 180 Neb. 291, 142 N. W. 2d 337. The appellant must also file a notice of appeal within the time limited by statute before this court can acquire jurisdiction. § 25-1912, R. R. S. 1943; Giangrasso v. Eagle Distributing Co., 185 Neb. 406, 176 N. W. 2d 16. A notice of appeal filed after the time limited by statute is ineffective to confer jurisdiction on this court. Diedrichs v. Empfield, 189 Neb. 120, 201 N. W. 2d 254.

The question is what effect should be given to a notice of appeal filed after the trial court has announced its decision by letter or otherwise, but before there has been a rendition or entry of judgment. A number of courts now hold that a premature notice of appeal is continuing in nature and becomes effective upon rendition or entry of judgment. See, Williams v. State, 324 So. 2d 74 (Fla., 1975); State ex rel. Shevin v. Rawls, 326 So. 2d 173 (Fla., 1976); Haverstick v. Banat, 331 N. E. 2d 791 (Ind. App., 1975); Evola v. Wendt Construction Company, 323 P. 2d 158 (Cal. App., 1958). See, also, Lemke v. United States, 346 U. S. 325, 74 S. Ct. 1, 98 L. Ed. 3; Foman v. Davis, 371 U. S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222.

We are unable to determine any compelling reason why a notice of appeal filed after the trial court has announced its decision should be held to be ineffective if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in ac-

cordance with the decision which was announced and to which the notice of appeal relates.

Within the limits stated, and subject to the conditions expressed, we hold that a notice of appeal filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective to confer jurisdiction on this court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the notice of appeal relates.

The motion to strike the supplemental transcript and the motion to dismiss the appeal in case No. 42441 are overruled. The appeal in case No. 42612 is dismissed.

MOTION TO STRIKE AND MOTION TO DISMISS IN CASE NO. 42441 OVERRULED. APPEAL IN CASE NO. 42612 DISMISSED.