MARDEE REUTZEL, APPELLEE, V. RAY REUTZEL, APPELLANT.

562 N.W.2d 351

Filed April 24, 1997.   No. S-95-1225.

Blaine T. Gillett, of Ruff, Nisley & Lindemeier, for appellant.

Sally A. Rasmussen, of Mousel, Garner & Rasmussen, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

Ray Reutzel appealed a district court determination of his divorce proceeding. The Nebraska Court of Appeals determined it did not have jurisdiction in the matter because appellant's notice of appeal was filed prematurely. The appeal was therefore dismissed on October 17, 1996, pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 1996). We granted appellant's petition for further review and affirm the decision of the Court of Appeals.

## BACKGROUND

Appellant and Mardee Reutzel, appellee, were married on June 30, 1979. Appellee filed for divorce, and trial was had on August 10, 1995. Ultimately, the district court awarded custody of the couples' three minor children to appellee in addition to $800 per month child support, nominal alimony, and various property. The district court also awarded appellee attorney and witness fees. Appellant was awarded the couples' trucking business but was required to pay $21,164 to appellee to adjust the difference in the net value of the property divided. This property division was set out in detail in the court's docket on October 6, with the actual decree filed on October 27.

Appellee filed a motion for new trial and order nunc pro tunc on October 13. A telephonic hearing was had on this motion on October 31. Appellant filed a notice of appeal concerning the divorce decree on November 3. The district court ruled on appellee's motion as evidenced by an order filed on November 15. Appellant did not file another notice of appeal after this date.

The Court of Appeals, on its own motion, held that appellant's notice of appeal was filed before the district court entered its judgment on appellee's motion for new trial and order nunc pro tunc and was therefore premature and thus ineffective pursuant to Neb. Rev. Stat. § 25-1912(2) (Reissue 1995). We granted appellant's petition for further review.

## ASSIGNMENT OF ERROR

In his petition for further review, appellant's sole assigned error is that the Court of Appeals erred in concluding it did not have jurisdiction over his appeal.

Pursuant to an order from this court, appellant also briefed the merits of this case and contends the district court erred in (1) ordering him to pay child support when he was incarcerated at the time of trial, (2) awarding him less than an equitable share of property, and (3) awarding appellee attorney and witness fees.

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Joshua M. et*

*al.*, 251 Neb. 614, 558 N.W.2d 548 (1997); *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997).

## ANALYSIS

The parties have extensively briefed the jurisdictional issue with regard to appellant's filing a notice of appeal in this matter. Because our ultimate determination is one concerning the timeliness of his filing, we begin our jurisdictional analysis with an examination of appellee's filing of a motion for new trial and order nunc pro tunc insofar as it bears directly on the filing requirements for appellant's notice of appeal.

### TIMELINESS OF APPELLEE'S MOTION

Following the trial, the district court made a docket entry setting forth its decision in detail on October 6, 1995. Seven days later, on October 13, appellee filed a motion for new trial and an order nunc pro tunc. The actual divorce decree, however, was not filed in the district court until October 27, some 14 days after appellee's motion was filed. Thus, our first inquiry is whether appellee's motion was effective.

A motion for new trial in a dissolution action must be filed within 10 days after the decree or judgment is rendered. Neb. Rev. Stat. § 25-1143 (Reissue 1995); *Smith v. Smith*, 225 Neb. 93, 402 N.W.2d 688 (1987). A rendition of judgment occurs when the court makes an oral pronouncement in open court and accompanies that pronouncement with a notation on the trial docket or, in the alternative, when some written notation of the judgment is filed in the records of the court. Neb. Rev. Stat. § 25-1301 (Reissue 1995); *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995); *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994). An examination of the bill of exceptions reveals that there was no oral pronouncement of a judgment at the August 10, 1995, trial. That being the case, we conclude that the judgment was rendered on the date the divorce decree was filed, October 27, thereby making appellee's motion for new trial premature. However, a premature filing of a motion for new trial is not necessarily fatal.

A similar situation was addressed in *Pfeiffer v. Pfeiffer*, 203 Neb. 137, 277 N.W.2d 575 (1979). There, the district court announced its decision on November 28, 1977, but the actual

divorce decree was not signed and filed until December 6. A motion for new trial was filed by the wife on December 5. This court rejected the husband's argument that the motion was a nullity because it was filed prematurely, stating:

> We now hold that a motion for new trial filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective and does not constitute a nullity if the record shows that the motion for new trial relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the motion for new trial relates.

*Id.* at 141-42, 277 N.W.2d at 578.

The record in the instant case reflects that a docket entry detailing the trial court's determination was entered on October 6, 1995, with directions that a copy be sent to each party. Appellee's motion for new trial and order nun pro tunc relates specifically to "orders entered by the court in its Decree dated October 6, 1995." As noted above, the decree was subsequently filed on October 27. This decree mirrors the October 6 docket entry in all respects. We conclude that appellee's motion for new trial was "effective" within the dictates of *Pfeiffer*.

### TIMELINESS OF APPELLANT'S NOTICE OF APPEAL

Having concluded that appellee's motion was effective, we note that a trial court must rule on a motion for new trial before an appeal can be perfected. *Smith v. Smith*, 246 Neb 193, 517 N.W.2d 394 (1994). Moreover, when a motion for new trial is filed, the timeframe in which to initiate an appeal is controlled by § 25-1912(2). See *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994). Section 25-1912(2) provides:

> The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial . . . and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a) . . . of this subsection. *When any motion terminating the time for filing a notice of appeal is timely filed by any party, a notice of appeal filed before the entry of the order*

*ruling upon the motion shall have no effect, whether filed before or after the timely filing of the motion. A new notice of appeal shall be filed within the prescribed time from the ruling on the motion.* No additional fees shall be required for such filing.

(Emphasis supplied.)

Was appellant's notice of appeal filed before the entry of the district court's ruling on appellee's motion for new trial? The record in the instant case reveals that a telephonic hearing was had on appellee's motion for new trial on October 31, 1995. There being no written transcript of these proceedings, we cannot determine whether an oral pronouncement of judgment was made at the hearing. Regardless, there exists no docket notation of the decision. That being the case, we must conclude that the ruling on the motion was rendered on the date on which the order was filed. See, *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995); *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994). As noted above, the court's order ruling on appellee's motion was filed on November 15, 12 days *after* appellant's notice of appeal was filed. Because appellant filed his notice of appeal before appellee's motion for new trial was disposed of, the appeal must be considered premature.

Appellant nevertheless argues that his notice of appeal is valid based upon prior decisions of this court. In *Dale Electronics, Inc. v. Federal Ins. Co.*, 203 Neb. 133, 277 N.W.2d 572 (1979), we addressed a situation in which a notice of appeal was filed after the trial court had announced its decision on a motion for new trial but before the judgment was rendered. Similar to our holding in *Pfeiffer*, we held that

> a notice of appeal filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective to confer jurisdiction on this court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the notice of appeal relates.

*Dale Electronics, Inc.*, 203 Neb. at 137, 277 N.W.2d at 574.

We subsequently expanded this rule into the criminal context in *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). In that case, a defendant filed a notice of appeal before a judgment sentencing him was entered. Applying the rule enunciated in *Dale Electronics, Inc.*, we concluded that this premature appeal became effective upon the rendition of judgment against him.

Subsequent to our decision in *Dale Electronics, Inc.* but before our decision in *McDowell*, the Legislature amended § 25-1912, adding what is currently subsection (2). Set forth above, this subsection explicitly states that whenever a motion for new trial is filed, no appeal can be filed until a judgment on the motion is entered. Indeed, the statute specifically states that any appeal filed before such a ruling "shall have no effect." See, also, *Horace Mann Cos. v. Pinaire*, 1 Neb. App. 907, 511 N.W.2d 540 (1993) (filing of notice of appeal ineffective under § 25-1912(2) where motion for new trial pending). To the extent that *Dale* has been superseded by § 25-1912(2), it has no effect.

Remaining, however, is the continued validity of *McDowell*. Appellant argues that *McDowell*, decided after the amendment of § 25-1912, requires us to declare his premature filing of appeal valid. We disagree. A close examination of *McDowell* reveals that unlike in the instant case, there was no motion for new trial. As such, there was no need to refer to the requirements set forth in § 25-1912(2) which deal with the filing of an appeal when a motion for new trial has been filed. The difference in the procedural makeup of *McDowell* and the case before us makes *McDowell* inapplicable.

Appellant's notice of appeal was filed before judgment was entered on appellee's motion for new trial. Because § 25-1912(2) states that such premature filings "shall have no effect," the Court of Appeals correctly dismissed this appeal for want of jurisdiction.

AFFIRMED.