STATE OF NEBRASKA, APPELLEE, V.
SCOTT A. BROWN, APPELLANT.
687 N.W.2d 203

Filed October 5, 2004. No. A-04-838.

James E. Troia for appellant.

No appearance for appellee.

SIEVERS, INBODY, and CASSEL, Judges.

SIEVERS, Judge.
We write a published opinion in this case to discuss the matter of "springing jurisdiction." Our hope is that our opinion will provide guidance for the bench and bar, eliminate unnecessary procedural delays for litigants, and make the work of the appellate courts somewhat simpler. While the instant case is a criminal case, our discussion is equally applicable in civil litigation.

## DISCUSSION

We begin with the general proposition that for an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004).

Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2002) sets forth two ministerial requirements for a final judgment. The first, found at § 25-1301(2), is rendition of the judgment, defined as the act of the court or a judge thereof "in making and signing a written notation of the relief granted or denied in an action." The second ministerial step for a final judgment is found in § 25-1301(3), which provides that "entry" of a "final order occurs when the clerk of the court places the file stamp and date upon the judgment." In short, final orders must be signed by the judge as well as file stamped and dated by the clerk.

Since the foregoing statute became effective in August 1999, we have dealt with many appeals containing nonfinal orders because they were missing the signature of the judge or the file stamp and date of the clerk of the court, or both.

Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002) has for several years included a provision at subsection (2) that

[a] notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.

This is substantially in accord with prior case law holding that where a notice of appeal is filed after a decision is announced but before the judgment is rendered, the notice of appeal is effective when judgment is actually rendered in accordance with the announced decision. See, *Dale Electronics, Inc. v. Federal Ins. Co.*, 203 Neb. 133, 277 N.W.2d 572 (1979), *overruled on other grounds, Reutzel v. Reutzel*, 252 Neb. 354, 562 N.W.2d 351 (1997); *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994).

"Announcement" can come orally from the bench, from trial docket notes, file-stamped but unsigned journal entries, or signed journal entries which are not file stamped. This list is not

all inclusive. Section 25-1912(2) creates what we shall call "potential jurisdiction" and "springing jurisdiction." To explain, these jurisdictional situations occur when the order of the trial court which is intended to finally dispose of the matter is announced but not rendered, i.e., lacking the judge's signature, or not entered, i.e., not file stamped and dated by the clerk, or deficient in both regards, but nonetheless a party files a notice of appeal. The effect of § 25-1912(2) when the judgment is defective is that the appellate court "potentially" has jurisdiction because the judgment can be made final by "rendition" by the judge or "entry" by the clerk of the court, whichever is lacking, long after the notice of appeal is filed. In such instance, the premature notice of appeal is treated as filed after the proper rendition and entry of the judgment, decree, or final order. See § 25-1912(2). In that instance, the notice of appeal becomes effective when the defect is cured. Thus, our "potential" jurisdiction over the appeal "springs" into full jurisdiction by virtue of the provisions of § 25-1912(2). The effective date of the notice of appeal in these cases, regardless of when such notice is filed, is thus the date the order appealed from becomes final, meaning the date the defect is cured.

The instant appeal illustrates the problem but reveals that when it occurs when the district court acts as an intermediate court of appeal, the appeal cannot be saved by § 25-1912(2). The statutory law concerning appeals from county court to district court is essentially the same. See Neb. Rev. Stat. § 25-2729(5) (Cum. Supp. 2002). The factual background of the instant case is unimportant for our purposes. Procedurally, the county judge sentenced the defendant, Scott A. Brown, on February 12, 2004, to a term of 180 days' imprisonment. The judge's sentencing order was signed on that date, but it was not entered by the clerk. On February 12, Brown filed his notice of appeal to the district court for Douglas County. That appeal was heard in the district court, and an order of affirmance was signed by the district judge on July 6 and file stamped by the clerk on July 7, which would make it a final order—except for the fact that the district court did not have jurisdiction.

Brown then filed his notice of appeal to this court on July 13, 2004. On August 11, following our normal internal jurisdictional

review of new appeals, we entered an order to show cause requiring Brown to file a supplemental transcript containing a file-stamped copy of the county court's order which had been appealed to the district court, so that we could determine whether the district court had jurisdiction. In response to our show cause order, Brown filed a supplemental transcript which shows that the clerk of the county court file stamped the county judge's sentencing order on August 17, after we issued our show cause order. Consequently, when the district court reviewed the county court's action and rendered its order of affirmance on July 6 (as noted above, the order was entered by the clerk on July 7), it was without jurisdiction because the county court's sentencing order was not final until August 17.

In *Collection Bureau of Grand Island v. Fry*, 9 Neb. App. 277, 610 N.W.2d 442 (2000), we said that if the trial court lacks jurisdiction, so does the appellate court. Nonetheless, we held that we have the authority to direct a trial court which was lacking jurisdiction to vacate a judgment it entered without jurisdiction. *Id.*

## RESOLUTION

Therefore, in the instant case, we hereby direct the district court for Douglas County to vacate its order of affirmance entered July 7, 2004, as such order was entered at a time when the district court lacked jurisdiction because the county court clerk had not entered the judgment of February 12 so as to make it final and appealable. Because the district court lacked jurisdiction to enter its order of July 7, we do not have jurisdiction over an appeal from such order and we must dismiss the appeal.

The cause is remanded to the district court for vacation of its order of July 7, 2004, and for further proceedings, bearing in mind that the notice of appeal from the county court to the district court is deemed effective August 17—the date the clerk of the county court file stamped the sentencing order. The same rules concerning "springing jurisdiction" under § 25-1912(2) apply to a district court sitting as an intermediate appellate court. See § 25-2729(5). In other words, at the time of its July 7 order, the district court had only potential jurisdiction which "sprang" into existence on August 17—meaning that its July 7 order was entered without jurisdiction.

 It is well known that it is the power and the duty of an appellate court to determine whether it has jurisdiction. *In re Interest of William G.*, 256 Neb. 788, 592 N.W.2d 499 (1999). Reference has been made in earlier decisions of this court to our practice of early examination of cases for jurisdictional defects. By publication of this opinion, our hope is to emphasize the importance of proper rendition and entry of judgments by trial judges and clerks of court, respectively, so that appellate jurisdiction can be perfected in a timely and proper fashion without using the fallback provision of "springing jurisdiction" found in § 25-1912(2), because as here, such provision will not always save the appeal. When the district court acts as an intermediate court of appeals, it likewise has a duty to examine jurisdiction.

While the "springing jurisdiction" provisions of § 25-1912(2) ultimately serve to save the appeal in some circumstances, no one benefits from the extra work and delay occasioned by improper rendition and entry of what are intended as final judgments. The requirements for rendition and entry of judgments under § 25-1301 have been with us since August 28, 1999, and adherence to the requirements found therein should now be a matter of routine.

APPEAL DISMISSED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.