IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

FIRST STATE BANK & TRUST CO. V. PARKVIEW DEVELOPMENT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

FIRST STATE BANK & TRUST COMPANY, FREMONT, NEBRASKA,
A NEBRASKA BANKING CORPORATION, APPELLEE,
V.
PARKVIEW DEVELOPMENT, INC., A NEBRASKA CORPORATION, APPELLEE, AND
JAMES A. DAVIS AND DEBRA A. DAVIS, HUSBAND AND WIFE, APPELLANTS.

Filed January 14, 2014.    No. A-12-1131.

Appeal from the District Court for Dodge County: GEOFFREY C. HALL, Judge. Appeal dismissed.

James M. Dake for appellant.

Bradley D. Holtorf, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy, Nick & Placek, for appellee First State Bank & Trust Company.

John A. Svoboda, of Gross & Welch, P.C., L.L.O., for appellee Parkview Development, Inc.

IRWIN, MOORE, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

James A. Davis and Debra A. Davis, husband and wife, filed a notice of appeal from an order of the district court for Dodge County, Nebraska, granting summary judgment in an action between First State Bank & Trust Company (FSB) and Parkview Development, Inc. (Parkview). The Davises were not parties to the action between FSB and Parkview, although there had previously been a request for interpleader and a complaint for intervention filed. Although the district court orally indicated an intent to deny the Davises' complaint for intervention, the record presented on appeal does not include any written order taking such action. Because the denial of intervention is the only avenue for the Davises to seek appellate review in this case in

which they were never made parties, and because there has not yet been any final order entered on the complaint for intervention, we conclude that we lack jurisdiction, and accordingly, we dismiss this appeal.

## II. BACKGROUND

On May 17, 2012, the initial complaint in this action was filed by FSB against Parkview. In the complaint, FSB sought an order directing Parkview to record an ownership interest by FSB in shares of Parkview stock that the Davises had individually pledged as collateral for a loan that the Davises had previously defaulted on. That complaint named the Davises both as defendants, but only in their official capacities as officers of Parkview. The officers were all subsequently dismissed from the action.

On June 21, 2012, an "Affidavit for Interpleader" was filed. The affidavit was filed by James, as president of Parkview, and in it he asserted that the Davises were third parties making a claim to the shares of stock that were the subject of FSB's complaint. In the affidavit, James also asserted that the Davises should be ordered to appear and that they should be "allowed to make themselves the defendant in this action in lieu of [Parkview]."

The record indicates that a hearing was held on July 10, 2012. No transcription of that hearing has been presented to this court on appeal. On August 17, the district court entered a journal entry denying the request for interpleader. In so doing, the court indicated that it was denying the Davises' request to interplead. A subsequent order nunc pro tunc indicates that the request to interplead was, apparently, actually brought by Parkview and not by the Davises. No appeal was filed from the judgment denying interpleader.

On August 28, 2012, the Davises, as husband and wife, filed a complaint seeking to intervene in the action. On September 27, FSB filed a motion to strike the complaint to intervene. At a hearing held on the motion to strike, FSB argued that the Davises had not been granted leave to intervene and that the Davises did not satisfy any statutory grounds for being allowed to intervene. The Davises argued that they had a right to intervene.

At the conclusion of the hearing on FSB's motion to strike, the court made an oral pronouncement that "the Motion to Strike filed by [FSB] in this matter, the Court will rule in favor of the Motion to Strike. And I will strike the [complaint to intervene] that has been filed by [the Davises]." The court then asked FSB's counsel "to prepare an order setting forth [the court's] decision."

The record presented on appeal does not indicate that any written order was ever signed, file stamped, or entered to reflect the district court's denial and striking of the Davises' complaint to intervene. Indeed, in the praecipe for transcript filed on appeal, the Davises requested the clerk of the district court to "certify that the record does not contain any Order, Journal Entry or other document filed by the District Court" striking the complaint to intervene.

On November 5, 2012, FSB filed a motion for summary judgment. The court entered an order granting summary judgment on behalf of FSB and against Parkview on November 16. Parkview did not appeal from this grant of summary judgment.

On November 29, 2012, the Davises filed a notice of appeal, purporting to appeal from "the order herein, granting summary judgment to [FSB]." The notice of appeal made no reference to the district court's denial of interpleader or denial and striking of the complaint to

intervene. The Davises brief on appeal, however, argues entirely that the court erred in not allowing them to be parties to this action and that they were indispensable parties to the suit.

On our review of this case, we became concerned about the lack of any final order denying the attempt to intervene and the unusual procedural posture of the Davises' attempting to appeal a summary judgment order in an action to which they were not parties. As a result, we issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction, and in our order to show cause, we set forth much of the analysis that appears below to demonstrate that our concern was the lack of a final order entered denying intervention. The Davises responded to the order to show cause not by obtaining or attempting to obtain a final order denying intervention, but by again asserting the arguments set forth in their appellate brief and by rhetorically asking, "How can a movant timely appeal the denial of a motion upon which a proper final judgment was never entered?"

## III. ANALYSIS

The Davises were not a party to this action when summary judgment was granted. They are not parties who can seek review of the summary judgment order. The substance of their appeal is that the district court erred in denying their complaint seeking to intervene, that they were necessary parties, and that the district court could not grant summary judgment to FSB without them being parties. However, they failed to secure a final order on their request to intervene, and we lack jurisdiction at this time.

Neb. Rev. Stat. § 25-1301 (Reissue 2008) sets forth two ministerial requirements for a final judgment from which an appeal may be taken: rendition of judgment, defined as the act of the court or a judge thereof in making and signing a written notation of the relief granted or denied, and the placing of a file stamp and date upon the judgment by the clerk of the court. See, *In re Trust Created by Crawford*, 20 Neb. App. 502, 826 N.W.2d 284 (2013); *State v. Brown*, 12 Neb. App. 940, 687 N.W.2d 203 (2004). Final orders must be signed by the judge as well as file stamped and dated by the clerk. *In re Trust Created by Crawford, supra*; *State v. Brown, supra*. Announcement of a decision may come orally, but does not constitute rendition of a judgment. *Id.*

An order denying a request to intervene in legal proceedings is a final order for purposes of appeal. *Basin Elec. Power Co-op v. Little Blue N.R.D.*, 219 Neb. 372, 363 N.W.2d 500 (1985). The party seeking to intervene has a right to appeal from the court's denial of intervention, not from an allegedly void judgment. See *Shold v. Van Treeck*, 82 Neb. 99, 117 N.W. 113 (1908) (where party seeks to intervene after entry of void judgment and petition to intervene is dismissed, time for appealing dates from dismissal and not date of void judgment).

In the present case, the Davises are entitled to seek to intervene and are entitled to appeal from a final order denying their request to intervene. Because they are not parties to the action, they are not entitled to appeal from a judgment entered between the parties to the action on the basis of asserting that the judgment is "void"; rather, they must appeal from the denial of their attempt to intervene. See *Shold v. Van Treeck, supra*. To do so, however, they must present a final order denying their attempt to intervene.

In this case, the record includes an oral pronouncement denying the Davises' request to intervene. That, however, is not an appealable rendition of judgment. See, *In re Trust Created by*

- 3 -

*Crawford, supra*; *State v. Brown, supra*. The Davises' praecipe for transcript, and the response to our order to show cause, clearly suggest that no such order has ever been entered. In response to our order to show cause, the Davises did not request that the district court enter such a final order, but, instead, iterated the arguments set forth in their appellate brief about why they should have been allowed to intervene and rhetorically inquired how to appeal when no final judgment has been entered. The answer to that rhetorical question is that one cannot appeal without a final order. The record does not indicate that the Davises have ever taken any action to have the district court enter a final order. As such, we lack jurisdiction to hear their appeal and the appeal is dismissed.

APPEAL DISMISSED.