Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/04/2017 09:08 AM CDT

LINDA CLARKE, APPELLEE, V. FIRST NATIONAL
BANK OF OMAHA, DEFENDANT AND THIRD-PARTY
PLAINTIFF, APPELLEE, AND GREGG GRAHAM,
THIRD-PARTY DEFENDANT, APPELLANT.

___ N.W.2d ___

Filed May 12, 2017.    No. S-16-146.

1. **Jurisdiction.** A question of jurisdiction is a question of law.
2. **Statutes.** Statutory interpretation presents a question of law.
3. **Judgments: Appeal and Error.** Appellate courts independently review questions of law decided by a lower court.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
5. **Jurisdiction: Time: Notice: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912 (Reissue 2016), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.
6. **Judgments: Time: Notice: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912(3) (Reissue 2016), filing a timely postjudgment motion terminates the time in which a notice of appeal must be filed; instead, the 30-day period to appeal starts anew upon the entry of the order ruling upon the postjudgment motion.
7. ____: ____: ____: ____. Neb. Rev. Stat. § 25-1912(3) (Reissue 2016) provides a savings clause for a notice of appeal filed after the announcement of the court's decision on a timely postjudgment motion but before a ruling thereon has been entered; the notice of appeal is treated as filed on the date of and after the entry of the order.
8. ____: ____: ____: ____. Under Neb. Rev. Stat. § 25-1912 (Reissue 2016), to determine if a notice of appeal filed before the court has entered an order or judgment on a postjudgment motion is effective, an appellate court must answer two questions: (1) Was the postjudgment motion timely and effective, and (2) Was the notice of appeal

filed after the court announced its decision or order on the postjudgment motion?

9. **New Trial: Words and Phrases.** Under Neb. Rev. Stat. § 25-1142 (Reissue 2016), a new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, a report of a referee, or a trial and decision by the court.

10. **Summary Judgment: Motions for New Trial: Time: Notice: Appeal and Error.** A motion for new trial following the entry of summary judgment is not a proper motion and does not terminate the 30-day period to file a notice of appeal under Neb. Rev. Stat. § 25-1912 (Reissue 2016).

11. **Pleadings: Judgments.** Neb. Rev. Stat. § 25-1329 (Reissue 2016) does not clearly define the grounds for filing a motion to alter or amend a judgment.

12. **Pleadings: Judgments: Appeal and Error.** An appellate court reviews a postjudgment motion based on the relief it seeks, rather than its title.

13. **Pleadings: Judgments.** Under Neb. Rev. Stat. § 25-1329 (Reissue 2016), if a postjudgment motion seeks a substantive alteration of the judgment—as opposed to the correction of clerical errors or relief wholly collateral to the judgment—a court may treat the motion as one to alter or amend the judgment.

14. ____: ____. Under Neb. Rev. Stat. § 25-1329 (Reissue 2016), a motion for reconsideration is the functional equivalent of a motion to alter or amend a judgment.

15. **Judges: Words and Phrases.** A judge's proclamation from the bench is an announcement.

16. **Words and Phrases.** An announcement may include trial docket notes, file-stamped but unsigned journal entries, or signed journal entries which are not file stamped.

17. **Judgments: Notice: Appeal and Error.** For the savings clause in Neb. Rev. Stat. § 25-1912(3) (Reissue 2016) to be effective, the notice of appeal must show on its face that it relates to the decision which has been announced by the trial court and the record must show that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the notice of appeal relates.

18. **Pleadings: Judgments: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912 (Reissue 2016), *Reutzel v. Reutzel*, 252 Neb. 354, 562 N.W.2d 351 (1997), has been superseded on its holding that a portion of *Dale Electronics, Inc. v. Federal Ins. Co.*, 203 Neb. 133, 277 N.W.2d 572 (1979), is of no effect and on its holding that the savings clause adopted in *Dale Electronics, Inc.*, does not apply to § 25-1912.

19. **Records: Appeal and Error.** It is the appellant's burden to create a record for the appellate court which supports the errors assigned.
20. ____: ____. A party's brief may not expand the evidentiary record.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Appeal dismissed.

Norman Denenberg for appellant.

Susan J. Spahn, of Endacott, Peetz & Timmer, P.C., L.L.O., for appellee First National Bank of Omaha.

Edward W. Hasenjager and Howard A. Kaiman for appellee Linda Clarke.

HEAVICAN, C.J., WRIGHT, CASSEL, STACY, KELCH, and FUNKE, JJ.

FUNKE, J.

## NATURE OF CASE

Gregg Graham appealed from orders by the district court for Douglas County which granted summary judgment for appellee Linda Clarke against appellee First National Bank of Omaha (FNB) and in favor of FNB against Graham. Graham filed his notice of appeal after filing a motion for new trial but before the court had ruled on the motion.

FNB filed a motion for summary dismissal arguing that the Nebraska Court of Appeals lacked jurisdiction, under Neb. Rev. Stat. § 25-1912(3) (Reissue 2016). The Court of Appeals overruled the motion for summary dismissal. We dismiss the appeal for lack of jurisdiction because Graham's notice of appeal was filed prematurely and is, therefore, without effect.

## FACTS

### BACKGROUND

In February 2013, Hilda Graham (Hilda) and Clarke opened an account (the Account) with FNB to hold a certificate of deposit (CD). The account agreement classified the Account as

a multiparty account with rights of survivorship in both Hilda and Clarke.

In August 2013, Hilda called FNB and spoke with Naomi Craven, an assistant branch manager. During the call, Hilda requested that the account be changed to a single-party account with a pay-on-death beneficiary, removing Clarke as the co-owner with a right of survivorship. Hilda requested that Graham be named the pay-on-death beneficiary.

Despite FNB's internal procedure and Neb. Rev. Stat. § 30-2724(a) (Reissue 2016), each requiring signed written notice before changing an account's type, Craven made the change to the Account before Hilda signed a new account agreement. Craven claimed that she printed an updated account agreement for Hilda to sign and mailed it to her. Craven testified that she believed she saw Hilda's account agreement, signed, days later, but that the account agreement was not scanned into FNB's electronic document system and could not be located.

Hilda died in September 2013. When Clarke requested payment of the CD from FNB, she was denied access because she was listed as neither a co-owner nor a pay-on-death beneficiary on the Account in FNB's computer records. Instead, Graham was paid the balance of the CD based on Craven's changes to the Account.

PROCEDURAL HISTORY

Clarke filed suit against FNB, alleging that she was the owner of the CD. FNB denied the allegations of Clarke's complaint but also filed a third-party action seeking recovery against Graham to the extent FNB was liable to Clarke. Clarke subsequently filed a motion for summary judgment against FNB, and as a result, FNB filed a motion for summary judgment against Clarke and, in the alternative, against Graham.

The following timeline includes the relevant dates to this appeal:

- February 1, 2016: Clarke's motion for summary judgment against FNB and FNB's motion for summary judgment against Graham were sustained by written order of the court.
- February 5, 2016: Graham's "Motion for New Trial to Amend Judgment of Summary Judgment Order" was filed.
- February 9, 2016: Graham's notice of appeal was filed.
- February 12, 2016: The order denying Graham's motion for new trial was entered.

FNB filed a motion for summary dismissal before the Court of Appeals, arguing that it lacked jurisdiction because Graham's notice of appeal was filed prematurely and, therefore, was without effect, under § 25-1912. In response, Graham argued that he filed the notice of appeal after the district court judge's bailiff had informed his attorney that his motion would be vacated because a motion for a new trial is not allowed to challenge an order of summary judgment.

In response to the motion for summary dismissal, Graham's attorney filed an "Opposition" and an "Affidavit in Opposition" to the motion for summary dismissal. Attached to the "Opposition" was an unsigned correspondence dated February 11, 2016, from Graham's counsel to the bailiff. The letter indicated that Graham's counsel had filed a motion for new trial; that a hearing date had been set; that he had been advised by the bailiff that his motion for new trial was not allowed to challenge a summary judgment; and that as a result, he had filed a notice of appeal.

The Court of Appeals overruled the motion for summary dismissal. We moved this case to our docket under our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

## ASSIGNMENTS OF ERROR

Graham assigns, restated, that the court erred in (1) finding that there was no evidence that the account agreement was actually signed and returned by Hilda, (2) finding that the

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

funds from the CD in the Account were erroneously released to him, and (3) not applying Neb. U.C.C. § 3-309 (Cum. Supp. 2016) to enforce the lost or destroyed signature card.

## STANDARD OF REVIEW

[1] A question of jurisdiction is a question of law.[2]

[2] Statutory interpretation presents a question of law.[3]

[3] Appellate courts independently review questions of law decided by a lower court.[4]

## ANALYSIS

[4] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[5]

[5,6] Under § 25-1912, to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.[6] A party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing.[7] However, filing a timely motion for a new trial or a timely motion to alter or amend a judgment terminates the time in which a notice of appeal must be filed.[8] Instead, the 30-day period to appeal starts anew upon the entry of the order ruling upon the motion for a new trial or the motion to alter or amend a judgment.[9]

[7] Section 25-1912(3) provides a savings clause for a notice of appeal filed after the announcement of the court's decision

---

[2] *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015).

[3] *RM Campbell Indus. v. Midwest Renewable Energy*, 294 Neb. 326, 886 N.W.2d 240 (2016).

[4] *Douglas County v. Archie*, 295 Neb. 674, 891 N.W.2d 93 (2017).

[5] *State v. Thieszen*, 295 Neb. 293, 887 N.W.2d 871 (2016).

[6] See, also, *Despain v. Despain*, 290 Neb. 32, 858 N.W.2d 566 (2015).

[7] § 25-1912(1).

[8] § 25-1912(3).

[9] *Id.*

on a timely postjudgment motion but before a ruling thereon has been entered. In relevant part, it states:

> When any motion terminating the time for filing a notice of appeal is timely filed by any party, a notice of appeal filed before the court announces its decision upon the terminating motion shall have no effect, whether filed before or after the timely filing of the terminating motion. A new notice of appeal shall be filed within the prescribed time after the entry of the order ruling on the motion. . . . *A notice of appeal filed after the court announces its decision or order on the terminating motion but before the entry of the order is treated as filed on the date of and after the entry of the order*.[10]

[8] Accordingly, we must consider two questions to determine if Graham's notice of appeal was timely. First, we must decide whether Graham's motion for new trial in response to the order granting summary judgment terminated the 30-day appeal period. Second, if the motion did terminate the 30-day appeal period, we must decide whether Graham's notice of appeal was filed after the court announced its decision or order on the postjudgment motion.

### GRAHAM'S MOTION FOR NEW TRIAL WAS EFFECTIVELY MOTION TO ALTER OR AMEND WHICH TERMINATED TIME TO FILE NOTICE OF APPEAL

[9,10] Under Neb. Rev. Stat. § 25-1142 (Reissue 2016), a new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, a report of a referee, or a trial and decision by the court.[11] Summary judgment proceedings

---

[10] *Id.* (emphasis supplied).

[11] *Strong v. Omaha Constr. Indus. Pension Plan*, 270 Neb. 1, 701 N.W.2d 320 (2005), *abrogated, Kennedy v. Plan Administrator for DuPont Sav. and Investment Plan*, 555 U.S. 285, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009).

do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute.[12] Therefore, a motion for new trial following the entry of summary judgment is not a proper motion and does not terminate the 30-day period to file a notice of appeal under § 25-1912.[13]

[11-13] However, our statutes do not clearly define the grounds for filing a motion to alter or amend a judgment, unlike a motion for new trial.[14] Accordingly, we review a postjudgment motion based on the relief it seeks, rather than its title.[15] If the postjudgment motion seeks a substantive alteration of the judgment—as opposed to the correction of clerical errors or relief wholly collateral to the judgment—a court may treat the motion as one to alter or amend the judgment.[16] A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment.[17]

[14] In *Strong v. Omaha Constr. Indus. Pension Plan*,[18] the appellant filed a motion for new trial after the entry of an order for summary judgment. The motion for new trial sought "'an Order granting a new trial' and any other 'relief deemed equitable and just'" because "there were irregularities in the proceedings and . . . the court erred on questions of law." We stated that "[i]n effect, [the appellant had] requested that the court reconsider its grant of summary judgment."[19] We further held that a motion for reconsideration is the functional equivalent of a motion to alter or amend a judgment, which

---

[12] *Id.*

[13] See, *Despain, supra* note 6; *Strong, supra* note 11.

[14] See Neb. Rev. Stat. § 25-1329 (Reissue 2016).

[15] See *Diversified Telecom Servs. v. Clevinger*, 268 Neb. 388, 683 N.W.2d 338 (2004).

[16] *Strong, supra* note 11.

[17] See § 25-1329.

[18] *Strong, supra* note 11, 270 Neb. at 6, 701 N.W.2d at 326.

[19] *Id.*

terminates the period in which a party must file a notice of appeal.[20]

Graham's motion for new trial requested that the court vacate its decisions granting summary judgment and hold a trial to resolve the genuine issues of material fact. Graham based his request on numerous grounds, including a claim of irregularities in the proceedings and a claim that the order was contrary to law. Accordingly, Graham's motion for new trial was, in effect, a motion for reconsideration, which we treat as a motion to alter or amend the judgment.

Graham filed his motion 4 days after the court granted summary dismissal. Therefore, the motion was timely filed and terminated the 30-day period to appeal.

### GRAHAM'S NOTICE OF APPEAL WAS WITHOUT EFFECT BECAUSE IT WAS FILED BEFORE COURT ANNOUNCED ITS DECISION ON GRAHAM'S POSTJUDGMENT MOTION

FNB argues that under § 25-1912(3), a notice of appeal is without effect when it is filed before the court enters an order on a timely postjudgment motion, citing *Haber v. V & R Joint Venture*[21] and *Reutzel v. Reutzel*.[22] Further, it contends that there is no evidence on the record, other than Graham's allegations, that the court had actually ruled on Graham's motion for new trial.

Graham contends that § 25-1912(3) has been amended since our decision in *Reutzel* to include the savings clause discussed above. He further contends that the district court judge announced the denial of his motion for new trial through her bailiff prior to the filing of his notice of appeal.

Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation

---

[20] *Id.*

[21] *Haber v. V & R Joint Venture*, 263 Neb. 529, 641 N.W.2d 31 (2002).

[22] *Reutzel v. Reutzel*, 252 Neb. 354, 562 N.W.2d 351 (1997).

to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[23]

The Legislature has not defined "announces" in § 25-1912(3). The word "announcement" is also used in § 25-1912(2) and Neb. Rev. Stat. § 25-1144.01 (Reissue 2016), which latter is the statute setting forth the time to file a motion for new trial. However, neither statute nor any related statutes define announcement.

Section 25-1912(2) states:

> A notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.

Section 25-1144.01, which is mentioned in § 25-1912, provides, in relevant part, that "[a] motion for a new trial filed after the announcement of a verdict or decision but before the entry of judgment shall be treated as filed after the entry of judgment and on the day thereof."

In *Despain v. Despain*,[24] the appellant filed a motion for new trial after the court distributed an unsigned journal entry containing its substantive decision, but before the court filed the signed dissolution decree. The unsigned journal entry contained the following statements: "'In order to avoid confusion as to appeal time, [t]his order shall be forwarded to counsel both unsigned and unfiled. A signed copy will be filed contemporaneously with the entry of the decree.'"[25] The court subsequently overruled the motion for new trial, and the appellant filed a notice of appeal.[26]

The appellee argued that the motion for new trial was untimely and without effect because it was filed before the

---

[23] *In re Interest of Tyrone K.*, 295 Neb. 193, 887 N.W.2d 489 (2016).

[24] See *Despain, supra* note 6.

[25] *Id.* at 35, 858 N.W.2d at 569.

[26] *Despain, supra* note 6.

court entered its decree.[27] Accordingly, the appellee contended that a notice of appeal filed more than 30 days after the decree was entered was not timely and that we, therefore, lacked jurisdiction over the appeal.[28]

We rejected the appellee's argument and determined that based on the plain language of § 25-1144.01, the copies of the "unsigned journal entry . . . sent to the parties [were] the court's 'announcement of a . . . decision' as that expression is used in § 25-1144.01."[29]

Justice Cassel wrote separately to concur with our decision in *Despain*, noting that even with the savings clause set forth in § 25-1144.01, a premature motion for new trial is still possible "[i]f the motion is filed before the 'announcement' of the verdict or decision" and that such a motion would be a nullity.[30] Justice Cassel's reasoning leads to the same conclusion in the context of § 25-1912(3).

The Court of Appeals has also considered what qualifies as an announcement under § 25-1912(2). In *State v. Brown*,[31] the Court of Appeals provided a nonexhaustive list of statements that constitute an announcement of a decision or order: those "orally from the bench, from trial docket notes, file-stamped but unsigned journal entries, or signed journal entries which are not file stamped."

We are also informed by the ordinary meanings of "announce" and "announcement." Black's Law Dictionary defines "announce" as "[t]o make publicly known; to proclaim formally <the judge announced her decision in open court>."[32]

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 40, 858 N.W.2d at 572.

[30] *Id.* at 46, 858 N.W.2d at 576 (Cassel, J., concurring).

[31] *State v. Brown*, 12 Neb. App. 940, 941, 687 N.W.2d 203, 206 (2004).

[32] Black's Law Dictionary 109 (10th ed. 2014). See, also, "Announce," Oxford English Dictionary Online, http://www.oed.com/view/Entry/7931 (last visited May 2, 2017) ("to make public or official intimation of, to proclaim").

The Oxford English Dictionary defines "announcement" as "[t]he action or process of announcing; public or official notification, intimation, declaration."[33]

[15,16] Based on our prior holdings and the preceding definitions, it is clear that a judge's proclamation from the bench is an announcement. However, an announcement is not limited to statements from the bench. An announcement may also include trial docket notes, file-stamped but unsigned journal entries, or signed journal entries which are not file stamped. It is clear that making an announcement requires some type of public or official notification, as the ordinary meaning of "announce" requires.

[17] In *Dale Electronics, Inc. v. Federal Ins. Co.*,[34] we held that a notice of appeal filed after the court announced its decision by letter, but before it had entered its decision, was timely. Specifically, we stated:

> [A] notice of appeal filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective to confer jurisdiction on this court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the notice of appeal relates.[35]

After our decision in *Dale Electronics, Inc.*, the Legislature added § 25-1912(2) (Reissue 1995) (now codified as § 25-1912(3) (Reissue 2016)[36]), but without the savings clause.[37] The revised language was as follows:

---

[33] "Announcement," Oxford English Dictionary Online, http://www.oed.com/view/Entry/7933 (last visited May 2, 2017).

[34] *Dale Electronics, Inc. v. Federal Ins. Co.*, 203 Neb. 133, 277 N.W.2d 572 (1979).

[35] *Id.* at 137, 277 N.W.2d at 574.

[36] See 2000 Neb. Laws, L.B. 921, § 15.

[37] See 1997 Neb. Laws, L.B. 398, § 1.

The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial . . . , and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a) . . . of this subsection. *When any motion terminating the time for filing a notice of appeal is timely filed by any party, a notice of appeal filed before the entry of the order ruling upon the motion shall have no effect, whether filed before or after the timely filing of the motion. A new notice of appeal shall be filed within the prescribed time from the ruling on the motion.* No additional fees shall be required for such filing.[38]

We then interpreted the amended version of § 25-1912(2) (Reissue 1995) in *Reutzel v. Reutzel*[39] and determined that our holding in *Dale Electronics, Inc.* was superseded by the new statutory language. We held that the appellant's notice of appeal, filed after the filing of a motion for new trial but before the court had entered its ruling on the motion, was of no effect.

[18] However, in 1997, the Legislature added the savings clause to § 25-1912(3) (Cum. Supp. 1998). The savings clause is substantively similar to our statement in *Dale Electronics, Inc.*[40] As a result, we determine that our holding in *Reutzel* has been superseded by statute and our holding in *Dale Electronics, Inc.* again has merit.

FNB also references *Haber* in support of its jurisdictional argument. However, *Haber* is not informative, insofar as it is procedurally distinguished. In *Haber*, the appellant filed a notice of appeal after the court had overruled one party's motion for new trial and partially overruled the other party's

---

[38] § 25-1912(2) (Reissue 1995) (emphasis supplied).

[39] *Reutzel, supra* note 22.

[40] *Dale Electronics, Inc., supra* note 34.

motion for new trial.[41] We held that the notice of appeal was of no effect because the court had not finally disposed of all postjudgment motions. There was no claim that the court had announced its final disposition of the motion for new trial before the notice of appeal was filed.

[19,20] Further, it is the appellant's burden to create a record for the appellate court which supports the errors assigned.[42] This burden also requires that the record establish the appellate court's basis for jurisdiction over the appeal.[43] Additionally, a party's brief may not expand the evidentiary record.[44]

Here, Graham argues that the savings clause treats his notice of appeal as filed on the date of the court's entry overruling his postjudgment motion, February 12, 2016. The only evidence in the record that an announcement was made was the "Affidavit in Opposition" to Clarke's motion for summary dismissal filed by Graham's counsel. This affidavit indicates that between February 5 and 9, the paralegal for Graham's counsel was informed by the bailiff that the motion for new trial would be overruled because a motion for new trial was not allowed to challenge a summary judgment.

The unsigned letter that Graham purportedly sent the court on February 11, 2016, contends that Graham's attorney was told by the bailiff that his motion for new trial was not allowed to challenge a summary judgment. This correspondence is not evidence, as it was merely attached to the pleading filed in opposition to the motion for summary dismissal.

Graham also alleges, for the first time in his brief on appeal, that the date of the announcement was February 7 or 8, 2016. This statement from Graham's brief may not expand the evidentiary record.

---

[41] *Haber, supra* note 21.

[42] *In re Interest of Tyrone K., supra* note 23.

[43] *Despain, supra* note 6 (Cassel, J., concurring).

[44] *In re Estate of Baer*, 273 Neb. 969, 735 N.W.2d 394 (2007).

We find that the record presented by Graham is insufficient to determine whether any statement made to him was made as an official announcement by the court. Therefore, we cannot determine that an announcement was made which was sufficient to invoke the savings clause of § 25-1912(3) (Reissue 2016).

## CONCLUSION

Because Graham filed his notice of appeal before the court ruled on his timely motion to alter or amend the judgment, his notice of appeal was without effect. Therefore, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

MILLER-LERMAN, J., not participating.