DUKHAN MUMIN, APPELLEE, V.
JAMES C. HART, JR., APPELLANT.
612 N.W. 2d 261

Filed June 20, 2000.   No. A-00-234.

Dukhan Mumin, pro se.

James C. Hart, Jr., pro se.

HANNON, INBODY, and CARLSON, Judges.

HANNON, Judge.

James C. Hart, Jr., has appealed from an alleged order dated January 27, 2000, overruling his motion to vacate a default judgment. A supplemental transcript contains what appears to be a trial docket note entitled "District Court Journal," containing an order sustaining Dukhan Mumin's motion for default judgment against Hart for the reason that Hart did not comply with a previous order of the court. This opinion does not consider the validity of that order in any respect, except on the point specifically discussed in this opinion.

In this opinion, we are interested only in the finality of the orders allegedly appealed from in view of Neb. Rev. Stat. § 25-1301(3) (Supp. 1999). This section provides in part:

(1) A judgment is the final determination of the rights of the parties in an action.

(2) Rendition of a judgment is the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action.

(3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and

date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry.

This statute was effective on August 28, 1999. Neb. Rev. Stat. § 25-1912 (Supp. 1999) was effective at the same time, and it provides for an appeal within 30 days "after the entry of such judgment."

These statutes have substantially modified the steps that trial courts must use to render and to enter an effective judgment decree or final order. Since these statutes became effective, this court has spent considerable time with attempted appeals which were ineffective because some trial judges or some clerks of the court have not followed the current version of § 25-1301. In short, the former methods of judges rendering judgments, decrees, and final orders by some entry in trial dockets, judge's minutes, computers, or other previous procedures are ineffective unless they contain a written notation of the relief granted or denied and the judge signs that notation. The judgment, decree, or final order is not entered until the clerk places a file stamp on it. Unless the transcript shows that both steps have been followed, this court does not acquire jurisdiction.

Under § 25-1301, judgment is not entered until the clerk of the court places a file stamp and date upon the judgment, and of course, there is no judgment until the judge renders a judgment by signing a written notation of the relief granted or denied. There being no final order to appeal from, this court must dismiss this appeal for lack of jurisdiction.

This is a case of first impression under the new version of § 25-1301. However, the posture of this case is analogous to the posture of an attempt to appeal from the overruling of a motion for new trial in the case of *Dvorak v. Bunge Corp.*, 256 Neb. 341, 590 N.W.2d 682 (1999). In that case, under § 25-1301 (Reissue 1995), there was a notation in the judge's minutes overruling a motion for a new trial, but the judge had not made an oral pronouncement. The court said:

> The only notations regarding the trial court's decision on Dvorak's motion for new trial are the judge's minutes for March 3 and June 26, 1997, indicating that the motion

was overruled. . . . Because there has been no rendition of judgment regarding Dvorak's motion for new trial, we are without jurisdiction to address Dvorak's cross-appeal, and it is dismissed as premature.

*Id.* at 348, 590 N.W.2d at 687.

Under § 25-1301 (Supp. 1999), a judge does not render the judgment until he or she signs a written notation of the relief granted or denied, and the clerk of the court cannot enter a judgment until the judge renders one. Because this statute was not followed, this appeal must be dismissed.

APPEAL DISMISSED.