MURRAY CONSTRUCTION SERVICES, INC., A NEBRASKA CORPORATION, APPELLEE, V. MECO-HENNE CONTRACTING, INC., A NEBRASKA CORPORATION, APPELLANT.

633 N.W. 2d 915

Filed June 26, 2001.   Nos. A-01-125 through A-01-127.

Richard W. Ratz, of Rickerson & Kruger, for appellant.

Joseph S. Risko, of Young & White, for appellee.

HANNON, SIEVERS, and CARLSON, Judges.

HANNON, Judge.

These three cases from the district court for Douglas County were initially appealed to this court from alleged orders of July 26, 2000, which purported to reinstate the cases after they had been dismissed on June 22, 2000. However, the orders of July 26 were made in a district court journal and were neither signed by the trial judge nor file stamped by the clerk as is required by Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000), and therefore the orders never became effective. These appeals, cases Nos. A-00-900, A-00-901, and A-00-902, were dismissed with minute entries in each, stating: "As there is no signed and file-stamped entry of judgment, this appeal is dismissed for lack of jurisdiction pursuant to Rule 7A(2). See *Mumin v. Hart*, 9 Neb. App. 404 (2000)."

After the mandates were issued in the initial appeals and the cases were returned to the district court, the district court entered other orders which were signed by the judge and file stamped by the clerk as required by § 25-1301 which merely extended the time for the certificate of readiness from December 27, 2000, when the orders were entered, to March 5, 2001. Insofar as can be gleaned from the transcript, the purported orders of July 26 were neither signed by the judge nor file stamped by the clerk as required by § 25-1301, and therefore there are no valid orders reinstating the cases. The judgments of July 26 purporting to do so were and still are nullities.

An order vacating a previous dismissal of a case is a final order and appealable. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The district court must have assumed when this court dismissed the appeals for lack of jurisdiction that those actions were affirmances of its orders reinstating the cases. Nothing can be further from the fact. We held that the orders were nullities, and nullities cannot be final orders. In view of the fact that there are no valid orders reinstating the cases, the cases simply were not reinstated and would not be reinstated until valid orders are rendered and entered reinstating them. Before a district court can enter orders directing the course of a previously dismissed case, it must first reinstate the case by a valid order—an act which still has not been done.

■ Trial courts must understand that any action purporting to be a judgment, decree, or final order must be rendered and entered to be valid, as provided in § 25-1301. It is our duty to dismiss appeals for lack of jurisdiction and to direct the trial court to expunge from its records actions or orders which are not valid.

We therefore dismiss these appeals again and direct the trial court to expunge from its records the purported orders of July 26, 2000, which facially reinstate the cases, but do not lawfully do so. This order is without prejudice to the trial court's entering and rendering proper orders which reinstate the cases.

APPEALS DISMISSED.