Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

- 952 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

D&M Roofing and Siding, Inc., appellant,
v. Distribution, Inc., appellee.
___ N.W.3d ___

Filed June 28, 2024.    No. S-23-516.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Jurisdiction: Statutes: Appeal and Error.** The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter of the action.
4. **Jurisdiction: Judgments: Fees: Time: Appeal and Error.** An appellate court has no power to exercise appellate jurisdiction in proceedings to review the judgment of the district court unless the appellant filed a notice of appeal and deposited a docket fee in the office of the clerk of the district court within the time fixed and as provided in Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022).
5. **Judgments: Final Orders: Words and Phrases.** A "judgment rendered," as required by Neb. Rev. Stat. § 25-1911 (Reissue 2016), is a final determination of the rights of the parties in an action, which is set forth by the court in a single, signed written document stating all of the relief granted or denied in an action.
6. ____: ____: ____. A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist upon the matters submitted to the court in the action.
7. **Judgments: Final Orders.** A judgment must dispose of the case fully and leave nothing for further determination except for compliance or noncompliance with its terms.

- 953 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

8.  ____: ____. The test for a final judgment is whether the rights of the parties are concluded so that further proceedings cannot affect them.

9.  **Judgments: Final Orders: Appeal and Error.** To constitute a final, appealable judgment, the trial court's determination must either decide and conclude the rights of the parties involved or deny a party the means to prosecute or defend rights and interests in the subject matter of the proceeding.

10. **Judgments: Words and Phrases.** A judgment in the most general sense is a judicial act that establishes rights and liabilities to the extent possible in a particular suit.

11. **Judgments.** Orders and other declarations of a trial court are the building blocks for a judgment.

12. **Final Orders.** Final orders are defined in Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), which recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings.

13. **Actions: Statutes: Words and Phrases.** An action is any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the statute and ending in a final judgment.

14. **Judgments: Final Orders.** Judgments and final orders are mutually exclusive.

15. **Final Orders: Words and Phrases.** Finality is determined under an objective standard by the substance of the decision and its legal effect, rather than by particular words or phrases.

16. **Judgments.** An order is not a judgment simply because the trial court declares it so.

17. **Actions: Judgments: Final Orders.** Any action purporting to be a judgment, decree, or final order must be rendered and entered to be valid, as provided in Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2022).

18. **Judgments: Final Orders: Words and Phrases.** A final, appealable judgment is one that disposes of the case by dismissing it either before hearing is had upon the merits or after trial by rendition of judgment for the plaintiff or defendant.

19. **Actions: Judgments.** It is critical to the rendition of a judgment that the court formally grant or deny all of the relief sought in the action before it.

Appeal from the District Court for Lancaster County, LORI A. MARET, Judge. Appeal dismissed.

- 954 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

Tiffany S. Beerman and Gretchen L. McGill, of Dvorak Law Group, L.L.C., for appellant.

Adam J. Prochaska and Sheila A. Bentzen, of Rembolt Ludtke, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## I. INTRODUCTION

The plaintiff, a roofing company, sued the defendant, the owner of a warehouse, for breach of contract after the property owner decided to use a different contractor for the repairs of a damaged roof. Both parties moved for summary judgment. The plaintiff conceded in filings required for summary judgment that it was undisputed that "[t]he breach of contract damages [the plaintiff] claims in this lawsuit are limited to those damages that [the plaintiff] is entitled to under paragraph 15 of the [contract]" and "[t]he breach of contract damages that [the plaintiff] claims in this lawsuit are 20% of the amount paid by [the defendant's insurer] to [the defendant] pursuant to the policyholder's release." The district court observed this admission and held that while there was a breach of the contract, the damages provision of paragraph 15 of the contract entitled the plaintiff to 20 percent of the work done, and no work was done. Therefore, the plaintiff was not entitled to damages. The court granted the defendant's motion for summary judgment asking the court to limit the plaintiff's breach of contract damages to those set forth under paragraph 15 of the contract. It also granted the defendant's motion for summary judgment as to an unjust enrichment claim that is no longer at issue in this appeal. The court expressly dismissed the unjust enrichment claim but did not expressly dismiss the claim for breach of contract, nor did it expressly dismiss the overall action.

- 955 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

More than 30 days later, the plaintiff again moved for summary judgment, this time alleging lost profits as the measure of damages for the breach of contract claim. The district court construed the motion as a motion to reconsider. The court explained that even though its prior order did not use the word "dismissed," it had disposed of the whole merits of the case and left nothing for the court's further consideration. The court denied the plaintiff's motion and granted a cross-motion by the defendant for summary judgment. In its order, the court again did not state that either the claim for breach of contract or the plaintiff's overall action was dismissed. The plaintiff appeals. We dismiss the appeal for lack of jurisdiction.

## II. BACKGROUND

### 1. Complaint

D&M Roofing and Siding, Inc. (D&M), sued Distribution, Inc., alleging breach of contract and unjust enrichment. D&M alleged that it had performed all conditions precedent under a "Commercial Contingency Agreement" (Agreement) with Distribution. Under the Agreement, D&M would perform services related to repairing hail damage to the roof of a commercial warehouse owned by Distribution, which was subject to an insurance claim. In exchange, Distribution would pay D&M the amount of the approved claim.

D&M alleged that Distribution's insurer approved the claim in the amount of $870,757.31. Distribution later advised D&M that it was canceling the agreement and that a different contractor would repair the roof damage.

In its complaint, D&M alleged it had sustained no less than $174,151.46 in damages because of the breach of contract. This figure is 20 percent of $870,757.31.

D&M alleged in the alternative that Distribution was unjustly enriched by D&M's inspection and presentation of findings of roof damage, which Distribution used to obtain its insurer's approval for the repairs. D&M alleged the same

amount, $174,151.46, as reflective of the value of D&M's services that it performed.

## 2. DISCOVERY

The parties' relationship began after D&M received a lead from a third-party telemarketing company about damage to Distribution's property. D&M's president, Eric Oberembt, testified by deposition that D&M hires independent contractors to do roofing work. D&M's specialty is recognizing storm damage and assisting property owners' insurance carriers during the inspection process so they do not miss anything and "can't come out and go that's not damage to try and deny the claim."

D&M contacted Distribution and conducted a free inspection of the roof. D&M took pictures of the damage and cleaned out a drain. D&M then prepared a report for Distribution.

After D&M and Distribution signed the Agreement, the director of claims for D&M met with an adjuster for Distribution's insurer several times at the property. D&M had a contractor prepare an estimate for fully replacing the roof, which estimate Distribution forwarded to the adjuster. The adjuster brought in another roofing contractor, Stonebrook Exterior, to provide another estimate.

Eventually, Distribution settled its claim with its insurer for $936,028.88 less the deductible. The insurer paid Distribution $886,028.88. Distribution entered into a contract with Stonebrook Exterior to repair the roof and informed D&M that it was using another roofing contractor.

Oberembt testified by deposition that he was aware that Distribution did not want to remove the damaged roof and fully replace it. He testified it was D&M's practice to always sign a second contract with the customer once the scope of the work and price were established. If the customer refuses to sign the second agreement, Oberembt believed the customer would have to pay the cancellation fee set forth in the first contract. Oberembt conceded that D&M did not have to

- 957 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

pay a cancellation fee if D&M decided not to go forward with the second contract.

It was Oberembt's understanding that, because Distribution hired Stonebrook Exterior instead of D&M to conduct the repairs, the cancellation fee provision of the Agreement entitled D&M to 20 percent of the scope of the work approved by the insurance company, not 20 percent of the work actually performed by D&M. It was Oberembt's understanding that such provision is "kind of an industry standard." Oberembt said the 20-percent figure did not represent D&M's actual loss based on the breach of contract, which he believed would be lost profits, which "is what I'd like to sue for." When asked about the fact that the cancellation fee provision set forth 20 percent of the "'work done,'" Oberembt testified, "[M]y assumption . . . is that when that was typed it was a typo because it should be work to be done."

In its requests for admissions, Distribution asked D&M to admit that "in this lawsuit, Your only claim for damages is based upon paragraph 15 of the [Agreement]." D&M's response was: "Deny. Plaintiff also has an unjust enrichment claim against Defendant."

### 3. AGREEMENT

#### (a) Job Description

The Agreement, under "Job Description," described that D&M would

> supply all of the labor and materials required to perform the following work for the Owner as an independent contractor: inspect property for storm damage, present our findings to the insurance company; perform the work contained in the list of work approved and agreed to by the insurance company.

Furthermore, "[b]y this Agreement, [Distribution] irrevocably awards [D&M] the job to do all the work that is included in the final list of work approved and agreed to by the insurance company.

- 958 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

### (b) Price and Scope

Under "Price and Scope of Work," the Agreement set forth that "no final price is yet known" and that "the work to be performed pursuant to this Agreement will be done under the benefits of an insurance claim."

Nevertheless, Distribution agreed that "the final contract price for this Agreement, including the allowed profit and overhead, taxes, disposal fees, etc." shall be "the total claim amount allowed and agreed to by the insurance company."

The scope of the work "shall be the list of work agreed to by the Owner's insurance company, which includes all work agreed upon with the insurance company to restore the property to its pre-loss condition."

### (c) Cancellation Fee

Under paragraph 15 of the Agreement, entitled "Cancellation Fee," the Agreement stated:

> The Property Owner acknowledges that if the approval is given by the insurance company for the work or any work to replace or repair the storm damage caused to the Property Owner and the Property Owner does not engage the services of [D&M] to complete the building, the Property Owner shall pay a fee to [D&M] equivalent to 20% of the proceeds paid by the insurance company for the work done by [D&M].

### 4. D&M's First Motion for Summary Judgment

D&M moved for summary judgment generally asking for judgment in its favor and against Distribution. At the hearing on the motion, D&M argued that the court's disposition of the competing motions for summary judgment turned "on the enforceability of the contract and the enforceability of the liquidated damages provision." In D&M's brief in support of summary judgment, D&M relied on the "liquidated damages provision" of the cancellation fee provision of the Agreement

- 959 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

to argue it was "entitled to summary judgment on its damages against [Distribution]." This provision, explained D&M, entitled it to 20 percent of any sums paid to Distribution by its insurer for work to be completed on the roof.

### 5. DISTRIBUTION'S FIRST CROSS-MOTION FOR SUMMARY JUDGMENT

Distribution filed a cross-motion for summary judgment asking for summary judgment in its favor and against D&M "in the following respects." First, Distribution asserted the Agreement was unenforceable as a matter of law or that D&M was estopped from enforcing it. Alternatively, Distribution asked for an order limiting D&M to breach of contract damages as set forth under the Agreement. It also asked that the court dismiss the unjust enrichment action.

In its statement of undisputed facts in support of its cross-motion for summary judgment, Distribution set forth that "[t]he breach of contract damages that D&M claims in this lawsuit are limited to those damages that D&M is entitled to under paragraph 15 of the [Agreement]." In D&M's annotated statement of disputed facts in opposition to Distribution's motion for summary judgment, D&M conceded this was "undisputed."

Distribution also set forth in its statement of undisputed facts in support of its cross-motion for summary judgment that "[t]he breach of contract damages that D&M claims in this lawsuit are 20% of the amount paid by [Distribution's insurer] to Distribution pursuant to the policyholder's release." D&M again conceded this was "undisputed."

In its brief in support of summary judgment, Distribution stated its motion for summary judgment sought a determination that the contract was not enforceable as a matter of law. Alternatively, if the court found the contract was enforceable,

> then the Court should enter summary judgment in its
> favor and against D&M in the following respects: (1)

- 960 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

the Contract specifically identifies the breach of contract damages that D&M can seek in this lawsuit and D&M's damages must be similarly limited; and (2) D&M's unjust enrichment cause of action should be dismissed as a matter of law.

In its alternative argument, Distribution stated that the breach of contract damages claimed by D&M in the lawsuit were solely those damages outlined in paragraph 15 of the Agreement, which damages are 20 percent of the proceeds paid by the insurer "for the work done by [D&M]." In its reply brief in support of its motion for summary judgment, Distribution stated that "interpreting paragraph 15 of the [Agreement] is essential to ensure that [D&M's] alleged damages are contractually allowed."

### 6. Order on December 21, 2022

In an order on December 21, 2022, the district court overruled D&M's motion for summary judgment and sustained in part and overruled in part Distribution's motion for summary judgment. It sustained Distribution's motion "on the following issues: [D&M] is limited to the breach of contract damages identified in the Agreement and [D&M's] unjust enrichment claim should be dismissed as a matter of law." The court stated that "[i]n all other respects," it was overruling Distribution's motion for summary judgment. The court's order did not expressly "dismiss" the breach of contract claim or the overall action. The order is signed and file stamped.

### (a) Enforceable Contract That Was Breached

In reaching these conclusions, the court first found that the price and scope of the work were sufficiently definite and that the parties had sufficient mutuality of obligation. Thus, the parties had entered into an enforceable contract. Furthermore, the court found no genuine issue that Distribution breached the contract by hiring a different contractor.

- 961 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

#### (b) No Damages for Breach of Contract

The district court said, "The next question [was] whether [D&M] owes [Distribution] any damages." The court concluded that D&M was not entitled to any damages because it was not entitled to the cancellation fee under paragraph 15 of the Agreement and D&M had conceded that its breach of contract damages were limited to those to which it was entitled under the cancellation fee provision.

In so concluding, the court expressly recognized D&M's admission that "its breach of contract damages [were] limited to the [c]ancellation [f]ee in [p]aragraph 15 of the Agreement." The district court then found that, under the clear and unambiguous language of paragraph 15, D&M was only entitled to a cancellation fee of 20 percent of the "work done" by D&M. Lastly, the district court found that the conditions of the cancellation fee provision had not been met, because "the 'work' referred to [in] Paragraph 15 plainly refers to the work approved by the insurance company to repair or replace [Distribution's] storm-damaged property" and D&M admitted "it did not perform any of the repair or replacement work approved by the insurer." Thus, D&M was not entitled to the cancellation fee.

The court granted summary judgment in favor of Distribution on D&M's unjust enrichment claim. It explained that an enforceable contract displaces such a claim.

### 7. D&M's Second Motion for Summary Judgment February 3, 2023

No appeal was filed from the court's order entered on December 21, 2022. On February 3, 2023, D&M filed a second motion for summary judgment.

In the motion, D&M pointed out that the court had found there was an enforceable contract and that Distribution breached that contract. D&M then asserted that "there is no genuine dispute of material fact with respect to [D&M's] resulting damages."

- 962 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

In its statement of undisputed material facts in support of its motion, D&M set forth that its projected profit based on the scope of the work discussed with Distribution was $429,904.81, while its projected profit based on the work performed by the contractor that Distribution ultimately used for the repairs would have been $344,663.65. Distribution denied these assertions of undisputed facts.

In its brief in support of its second motion for summary judgment, D&M asserted that the December 21, 2022, order did not dispose of its breach of contract claim, but, rather, only found it was not entitled to the cancellation fee. "As such, the Order does not make a ruling as to any other remaining measure of damages [D&M] is entitled to under Nebraska law for breach of contract."

D&M also believed it significant that the cancellation fee was "not a breach of contract provision." "As such, just because [D&M] did not dispute, for purposes of its first summary judgment motion, it was seeking damages under the Cancellation Fee provision, that does not preclude it from recovering its other breach of contract damages under the law." D&M relied on *Western Ethanol Co. v. Midwest Renewable Energy*[1] for the proposition that an admission does not extend beyond the intendment of the admission as clearly disclosed by its context.

D&M asserted that the court's statement in the December 21, 2022, order that "'[D&M] admits that its breach of contract damages are limited to the Cancellation Fee in Paragraph 15 of the Agreement'" was "not what the evidence before the Court indicated." D&M highlighted that its admission was that the breach of contract damages D&M claimed "in this lawsuit" were limited to those it was entitled to under paragraph 15 of the Agreement. It then asserted:

---

[1] *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020).

- 963 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

There is no support under Nebraska law that [D&M] is limited to damages pursuant to a "cancellation fee" provision, and it would be a waste of judicial resources to require [D&M] to file another lawsuit for breach of contract to seek the damages it is entitled to pursuant to well-established Nebraska law.

Finally, because the December 21, 2022, order did not expressly dismiss D&M's claim for breach of contract, D&M asserted that its action was still before the court. D&M pointed out that its complaint did not expressly limit its damages to the cancellation fee provision. D&M argued there was no genuine issue that it was entitled to damages that would place it in the position it would have been in had the contract been performed. Thus, D&M asserted it was entitled to the profits it would have realized had D&M been allowed to perform the work contemplated by the contract.

In its brief in opposition to Distribution's motion for summary judgment, D&M contested the idea that the court's December 21, 2022, order determined it was not entitled to any damages for Distribution's breach of the Agreement. Were this the case, argued D&M, the court would have granted Distribution's motion for summary judgment in full. D&M also reiterated that "[j]ust because [D&M] did not dispute—for purposes of its first summary judgment motion—that it was seeking damages under the Cancellation Fee provision does not preclude it from recovering its other breach of contract damages under the law." D&M again pointed out that its complaint generally claimed damages as a result of the breach of the contract.

### 8. DISTRIBUTION'S SECOND MOTION FOR SUMMARY JUDGMENT

Distribution, in response, filed a second cross-motion for summary judgment. The motion asserted that "because the Contract specifically identifies the damages that [Distribution] can seek in this lawsuit, [D&M] is not 'entitled

- 964 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

to compensation for the partial work performed *in addition* to the Cancellation Fee,'" and that D&M has, in fact, "not sought any damages in this lawsuit other than those outlined by the Cancellation Fee."

In its statement of undisputed material facts in support of its motion, Distribution again set forth: "The breach of contract damages that D&M claims in this lawsuit are limited to those damages that D&M is entitled to under paragraph 15 of the [Agreement]." This time, however, D&M responded that this fact was disputed.

In its brief in support of its cross-motion for summary judgment, Distribution pointed out that parties to a contract may agree in advance to the sum to be paid in the event of a breach and that D&M admitted its cancellation fee was reasonable in the roofing industry.

The court's order on December 21, 2022, argued Distribution, "resolved all issues in this case." Distribution explained that its motion "was filed to give the Court a vehicle to dismiss this case in its entirety."

In a brief in opposition to D&M's second motion for summary judgment, Distribution again asserted that the December 21, 2022, order "effectively resolved all issues in this case." Distribution pointed out that "for the first time in nearly two years of litigation, [D&M] attempts to claim damages for lost profits." This was "despite the fact that its Complaint and discovery responses only identify damages under (1) the Cancellation Fee and (2) its unjust enrichment claim." Distribution argued that D&M "cannot now withdraw its admissions, modify its theory of recovery, and seek alternative damages."

At the summary judgment hearing, the court admitted into evidence, without objection, D&M's prior statement of disputed facts in opposition to Distribution's motion for summary judgment, wherein D&M agreed it was "undisputed" that "[t]he breach of contract damages that D&M claims in this lawsuit are limited to those damages that D&M is entitled

- 965 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

to under paragraph 15 of the [Agreement]" and that "[t]he breach of contract damages that D&M claims in this lawsuit are 20% of the amount paid by [the insurer] to Distribution pursuant to the policyholder's release."

### 9. JUNE 12, 2023, ORDER

In an order on June 12, 2023, the court overruled D&M's motion for summary judgment and sustained Distribution's cross-motion for summary judgment. The court again did not expressly dismiss the action in its order.

The court explained that its prior order sustained Distribution's motion for summary judgment only in part because it found the Agreement was an enforceable contract. Nevertheless, "[t]he Court's order on December 21, 2022[,] disposed of the whole merits of the case and left nothing for the Court's further consideration." While the court acknowledged that it did not expressly dismiss the breach-of-contract claim, "no magic words were needed." The court concluded: "To repeat, nothing was left for the Court to decide on either the breach of contract or unjust enrichment claim after the December 21 order."

The district court concluded that D&M's second motion for summary judgment was effectively a motion to reconsider the December 21, 2022, order. And the court declined to reconsider its decision. The court said it had relied on D&M's admission that its breach of contract damages were limited to those under paragraph 15. The court found that D&M's annotated statement of disputed facts was a formal act in the course of judicial proceedings and, thus, was a judicial admission. While this admission did not extend beyond the intent as disclosed by its context, it was made in the context of Distribution's motion for summary judgment asking the court to hold as a matter of law that "'[t]he Contract specifically identifies the breach of contract damages that D&M can seek in this lawsuit and D&M must be limited to those damages.'"

- 966 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

The court said that D&M would "like to start over," but "[i]t is too late." The court did not state in the order that the action was dismissed.

D&M filed a notice of appeal within 30 days of the June 12, 2023, order.

## III. ASSIGNMENTS OF ERROR

D&M assigns that the district court erred in (1) holding that the December 21, 2022, order was a dispositive final order and D&M's second motion for summary judgment was effectively a motion to reconsider; (2) failing to address the common-law damages for breach of contract; (3) holding that D&M is bound to undisputed facts in the first motions for summary judgment; and (4) holding that "there is no recourse against a party that breached an enforceable contract."

## IV. STANDARD OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2] An appellate court independently reviews questions of law decided by a lower court.[3]

## V. ANALYSIS

Distribution asserts that we lack appellate jurisdiction over the present appeal because D&M failed to timely appeal from the December 21, 2022, order, which was a final order or a judgment that disposed of the whole merits of the case and left nothing for the court's further consideration. D&M argues there is appellate jurisdiction because the December 21 order was neither a final order, nor a judgment. It asserts that the June 12, 2023, order was the judgment and that it has timely appealed therefrom. We hold that the court has yet to issue a

---

[2] *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022).

[3] *Id*.

- 967 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

final order or render a judgment; thus, we lack jurisdiction over the present appeal.

[3] The Nebraska Constitution expressly provides for "such appellate jurisdiction as may be provided by law."[4] The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter of the action.[5]

[4] Pursuant to Neb. Rev. Stat. § 25-1911 (Reissue 2016), for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a "judgment rendered or final order."[6] An appellate court has no power to exercise appellate jurisdiction in proceedings to review the judgment of the district court unless the appellant filed a notice of appeal and deposited a docket fee in the office of the clerk of the district court within the time fixed and as provided in Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022).[7]

Section 25-1912 provides:

The proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the entry of such judgment, decree, or final order, a notice of intention to prosecute such appeal . . . .

Under Neb. Rev. Stat. § 25-1301(3) (Cum. Supp. 2022), "[t]he entry of a judgment, decree, or final order occurs when

---

[4] Neb. Const. art. V, § 2.

[5] *Mathiesen v. Kellogg*, 315 Neb. 840, 1 N.W.3d 888 (2024).

[6] See, also, *id*.

[7] See *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998). See, also, *Priesner v. Starry*, 300 Neb. 81, 912 N.W.2d 249 (2018); *Lindsay Internat. Sales & Serv. v. Wegener*, 297 Neb. 788, 901 N.W.2d 278 (2017); *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988).

- 968 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

the clerk of the court places the file stamp and date upon the judgment, decree, or final order" and, "[f]or purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry."

Rendition of a judgment is defined by § 25-1301(2). "Rendition of a judgment" used to be defined as "the act of the court, or a judge thereof, in signing an order of the relief granted or denied in an action."[8] However, § 25-1301(2) was amended effective November 14, 2020.[9] It now defines "[r]endition of a judgment" as "the act of the court, or a judge thereof, in signing *a single written document stating all* of the relief granted or denied in an action."[10]

[5] Section 25-1301(1) continues to define a "judgment" as "the final determination of the rights of the parties in an action." Thus, a "judgment rendered," as required by § 25-1911, is a final determination of the rights of the parties in an action, which is set forth by the court in a single, signed written document stating all of the relief granted or denied in an action.

[6,7] We have explained that a "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist upon the matters submitted to the court in the action.[11] A judgment must dispose of the case fully and leave nothing for further determination[12] except for compliance or noncompliance with its terms.[13]

[8-10] It has been said that the test for a final judgment is "whether the rights of the parties are concluded so that

---

[8] § 25-1301(2) (Cum. Supp. 2018).

[9] See Neb. Laws 2020, L.B. 1028, § 3.

[10] § 25-1301(2) (Cum. Supp. 2022) (emphasis supplied).

[11] See, *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999); 46 Am. Jur. 2d *Judgments* § 1 (2017).

[12] *Mathiesen v. Kellogg, supra* note 5.

[13] 49 C.J.S. *Judgments* § 10 (2021).

- 969 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

further proceedings cannot affect them."[14] "To constitute a final, appealable judgment, the trial court's determination must either decide and conclude the rights of the parties involved or deny a party the means to prosecute or defend rights and interests in the subject matter of the proceeding."[15] "A judgment in the most general sense is a judicial act that establishes rights and liabilities to the extent possible in a particular suit . . . ."[16]

[11] There is no judgment "when something further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties."[17] When there is something further for the court to do in relation to a final determination of the rights of the parties, the court's direction is merely an order. "[O]rders and other declarations of a trial court are the building blocks for a judgment."[18] Pursuant to Neb. Rev. Stat. § 25-914 (Reissue 2016), "[e]very direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

[12] "Final orders," which are subject to immediate appeal, are defined in Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022). Section 25-1902 recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings.[19]

[13] An action is any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the statute and ending in a final judgment.[20]

---

[14] 46 Am. Jur. 2d, *supra* note 11, § 168 at 548.

[15] 4 Am. Jur. 2d *Appellate Review* § 82 at 729 (2018).

[16] 49 C.J.S., *supra* note 13, § 4 at 30.

[17] 46 Am. Jur. 2d, *supra* note 14, § 168 at 549.

[18] 49 C.J.S., *supra* note 13, § 4 at 30.

[19] *Mann v. Mann*, 312 Neb. 275, 978 N.W.2d 606 (2022).

[20] *Tegra Corp. v. Boeshart*, 311 Neb. 783, 976 N.W.2d 165 (2022).

- 970 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding.[21]

[14] Orders disposing of summary judgment motions in an action for breach of contract action and unjust enrichment are not made in special proceedings.[22] Thus, to be a final order, the orders here in question must have affected a substantial right and, in effect, determined the action and prevented a judgment[23] or affected a substantial right on summary application after the judgment was entered.[24] Summary applications after the judgment are rare and include orders amending a return of service, denying a motion to approve a supersedeas bond, vacating a default judgment, awarding of attorney fees and expenses, and modifying a permanent injunction.[25] Orders that, in effect, determine the action and prevent a judgment are even less common and should not be confused with a judgment, which is an order that disposes of the whole merits of an action.[26] An order intending to dispose of the whole merits of the action, but that fails to do so, does not by default became a final order that, in effect, determines the action and prevents a judgment. Judgments and final orders are mutually exclusive.[27] The court's orders presented in the record on this appeal neither prevented a judgment, nor were made after a judgment. In sum, neither was a final order under § 25-1902. Therefore, for this court to have appellate jurisdiction, D&M had to timely appeal from a rendition of a judgment.

---

[21] *Id*.

[22] See *id.*

[23] § 25-1902(1)(a).

[24] § 25-1902(1)(c).

[25] See John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239 (2001).

[26] See *id.*

[27] *Florence Lake Investments v. Berg*, 312 Neb. 183, 978 N.W.2d 308 (2022).

- 971 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

[15,16] The court was correct in stating that finality is determined under an objective standard by the substance of the decision and its legal effect, rather than by particular words or phrases.[28] A judgment's meaning is determined, as a matter of law, by the contents of the judgment in question.[29] An order is not a judgment simply because the trial court declares it so.[30]

[17] However, finality with respect to the legal merits of the elements of the claims in an action is not necessarily coterminous with disposing of the case fully and leaving nothing for further determination. It is also distinct from how the judgment must be formally entered on the record to be appealable.[31] "Trial courts must understand that any action purporting to be a judgment, decree, or final order must be rendered and entered to be valid, as provided in § 25-1301."[32]

[18,19] We have repeatedly said that a final, appealable judgment is one that disposes of the case by *dismissing* it either before hearing is had upon the merits or after trial by rendition of judgment for the plaintiff or defendant.[33] Dismissal means there is no longer an action pending before the trial court and it lacks jurisdiction to make further orders except to formalize the dismissal.[34] It is only when the court enters an order of dismissal that the proceedings brought

---

[28] See, 4 Am. Jur. 2d, *supra* note 15, § 82; 49 C.J.S., *supra* note 13, §§ 4 and 10.

[29] *Ramaekers v. Creighton University*, 312 Neb. 248, 978 N.W.2d 298 (2022).

[30] See *State ex rel. Stenberg v. Moore, supra* note 11.

[31] See Annot., 73 A.L.R.2d 250 (1960).

[32] *Murray Constr. Servs. v. Meco-Henne Contracting,* 10 Neb. App. 316, 318, 633 N.W.2d 915, 916 (2001). See, also, *Rosen Auto Leasing v. Jordan*, 15 Neb. App. 1, 720 N.W.2d 911 (2006).

[33] See, e.g., *Paxton v. Paxton*, 314 Neb. 197, 989 N.W.2d 420 (2023).

[34] See, *Saint James Apt. Partners v. Universal Surety Co., ante* p. 419, 5 N.W.3d 179 (2024); *Childs v. Frakes*, 312 Neb. 925, 981 N.W.2d 598 (2022); *Dillion v. Mabbutt*, 265 Neb. 814, 660 N.W.2d 477 (2003).

- 972 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

before the court by one party against another and filed under a particular case number come to an end.[35] Otherwise, the action remains pending before the court. Especially considering the amendment to § 25-1301(2), requiring that the judgment be embodied in a "single written document stating all of the relief granted or denied in an action," we find it critical to a "judgment rendered" and the "rendition of a judgment" that the court formally grant or deny all of the relief sought in the action before it. Only by plainly granting or denying all of the relief sought in the action does the order conclude all the rights of the parties so that further proceedings cannot affect them. Only then does the court, in a single written document, determine the rights and liabilities of the parties to the fullest extent possible.

The purpose of the amendment of § 25-1301(2) is to add clarity so that the parties know whether the court has rendered a judgment from which they must timely file a notice of appeal to protect their right to appellate review. Regardless of the court's proclamations regarding the underlying legal and factual merits of the case, when the court retains the action rather than plainly granting or denying all of the relief sought in the action, it is not clear from the court's single written order that it has either decided and concluded the rights of the parties involved or denied a party the means to prosecute or defend its rights and interests in the subject matter of the proceeding. The court's clearly stated final resolution of the action is essential. In the absence of such, a judgment has not yet been rendered.

Here, while the court disposed of the motions for summary judgment, denying D&M's motion and granting Distribution's cross-motion in its December 21, 2022, order, it did not expressly grant or deny relief with respect to D&M's breach of contract claim. Even if one could deduce that the district court had disposed of D&M's ability to recover by dismissing

---

[35] See *Saint James Apt. Partners v. Universal Surety Co., supra* note 34.

- 973 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 316 Neb. 952

the unjust enrichment claim and denying the necessary element of damages in its breach of contract action, the breach of contract action remained pending because the district court did not grant or deny relief. The court did not finally determine the rights of the parties in a single written and signed document stating all the relief granted or denied in the action.

The court's June 12, 2023, order, while adding some clarity to the December 21, 2022, order, suffers the same defect. Without more, an order denying what the court considered to be a motion to reconsider, under the mistaken belief that the prior order was a judgment rendered, is not the rendition of a judgment.

The court has yet to sign a "single written document" constituting the final determination of the rights of the parties and stating all the relief granted or denied in the action.[36] Because of this, we lack appellate jurisdiction. We accordingly must dismiss the appeal.

## VI. CONCLUSION

Because D&M did not appeal from a judgment rendered, we lack appellate jurisdiction.

APPEAL DISMISSED.

---

[36] See § 25-1301(2).